Good morning, Your Honors. May it please the Court, Jonathan Libby appearing on behalf of Appellant Jorge Melara. Your Honors, resentencing is required in this case, both because the Court failed to resolve a factual dispute as required by Rule 32 of the Federal Rules of Criminal Procedure, and because the Court's other errors rendered the sentence procedurally unreasonable. First, with respect to the Rule 32 error, the District Court failed to expressly resolve dispute over a 25-year-old kidnapping and gang rape allegation for which Mr. Melara was never prosecuted. The pre-sentence report made reference to the arrest. The government then, in its sentencing position, made quite a big deal about this arrest, and in fact indicated that Mr. Melara was in fact guilty of the offense, and indicated that the only reason he narrowly escaped prosecution was due to an unwilling, intimidated victim. There was no evidence, of course, of that anywhere in the record, other than its suggestion. The defense objected to these questionable and unproven allegations, yet when it got to sentencing, the courts made no resolution of that dispute. In discussion with counsel, at one point, the Court did make reference to the fact that Mr. Melara had committed, apparently committed, this rape after he had been deported and reentered the country. But in fact, I mean, that was not true, but the Court did not expressly resolve the dispute. This Court in Houston, in somewhat similar circumstances, said, look, our precedents make clear, the Court has to expressly resolve any factual dispute. Do you think that where the judge says the defendant committed serious crimes involving the gang rape of a 24-year-old woman, wasn't that a finding against your position overruling your objection? Well, Your Honor, I believe that that could arguably be an implicit finding, but it was not expressly resolving the dispute that the defense had made. Did the judge have to say, I hereby overruled your objection? And it seems to me the cases don't require quite that level of a statement by the judge. Is that right? Well, with respect, I would disagree, Your Honor. I believe in Houston, in that case, there was dispute over whether or not the defendant had made threats to the tellers. The tellers had indicated that he had. He said, no, he hadn't. The Court stated on the record that it, quote, agreed with the prosecutor's analysis. This Court said that that wasn't enough. Well, that's pretty vague. If this judge had just said, well, I agree with everything the prosecutor has presented, that doesn't really indicate whether the particular factual dispute was resolved. But when he goes on and says, this person committed a rape of this woman, that's a specific factual finding that deals with a disputed issue of fact. It's not at all vague. Well, it was in the midst of a conversation with defense counsel over Mr. Malar's record. It was not addressing the specific arguments that Mr. Malar had made challenging the allegations. Well, it seems to me, just to go to the opposite, it's a colloquy with the same defense counsel who's making the argument saying, look, I find that he committed this rape. And I guess I don't see any case of ours, and maybe you can point me to one, that requires magic words, as Judge Reed was asking you, you know, does the judge have to start by saying, I hereby resolve a factual dispute, and therefore I find that he committed this rape. Well, I would go back to Houston, where what this Court said was the problem with it not being explicit enough is, and I quote, because the district court did not specifically acknowledge the existence of the dispute over attribution of the statements, we are left to guess whether the Court was even aware of such a dispute. So here, what we have on the record is clearly there was this allegation that he had acknowledged that he had committed this rape, but we don't know if the Court, in fact, was aware of the dispute because it didn't ever acknowledge that the dispute had been made. Well, part of the problem in Houston, and our panel made the same observation that you read, but also said it's hard to tell from Houston's objections just what he was objecting to. There was some ambiguity when the judge made reference to adopting the government's analysis. It was unclear which issue that had been discussed was being adopted. And ultimately, it says our conclusion is unclear whether the district court resolved Houston's factual objection. Here, it's plain the district court's sentence is built, among other things, on the conclusion that the gang rape had been committed. Well, it's interesting you bring that up, Your Honor, because, in fact, after the Court made this passing reference to the rape, defense counsel didn't then again reiterate that, Your Honor, we have objected to that. We challenge, and this is on excerpts of record, I believe, 42, where, again, the Court made clear, the defense counsel again made clear that she was objecting to consideration of this unreliable evidence and that the Court should not consider this rape allegation in its sentencing determination. The Court made – gave no response to that, and at no point throughout the remainder of the sentencing hearing did the Court bring it up. And then when the Court gave its ultimate explanation for the sentence, the Court brought up again the defendant's criminal history, but did not mention specifically the rape allegation. So it's not clear whether – clearly, the Court did not actually resolve the dispute, which again the defendant reiterated and made clear that it was disputed. And again, this Court has said when there is, in fact, a dispute there, the resolution must be expressed. It must be clear. And we would submit it's not, and this Court also has said if it's not resolved,    other issues that we've raised. As I noted before, even the Court's discussion of the alleged rape was clearly erroneous, because what the Court indicated was that the gang rape took place after Mr. Malara had been deported and come back into this country. It was in terms of whenever Mr. Malara comes back into the country after being deported, he commits serious crimes, for example, this gang rape of a 24-year-old woman. In fact, the rape is clear. Mr. Malara had never been deported before this alleged rape took place. I hear the difference. I'm not sure what distinct – what significance there is. I mean, the main point is that your client's criminal history is an impressive one, and it – there were a number of offenses after deportation. Whether one particular offense was before or after deportation, is that something that's going to be of significance? Well, it may have been. In fact, we don't know. What we do know is the Court ended up sentencing Mr. Malara to the high end of the sentencing range. So there was a lot of thought in the Court's head in terms of his criminal history. It's hard to think about. I mean, the judge is sitting there, oh, he committed this offense before deportation. It's only these seven offenses that came afterwards. Really hard for me to see how that's going to make any possible difference in deciding that this is somebody that should tend toward the high end. But the fact is we don't know. I mean, that's the bottom line. We don't know whether it could have affected this judge. Could it have made a difference in the judge imposing a 95-month sentence instead of 96? It may not be that significant, but to a prisoner, a month is significant enough. So it could have made a difference. The fact is it was a clearly wrong judgment. Maybe equally possible it goes back to the judge and says, this is a really bad guy. You know, I probably – now that I'm really not confined by these guidelines, we'll go for 108. I mean, it's hard for me to see how this cuts either way in a way that we could expect it to be prejudicial to your client. Well, the fact is we just don't know. And that's why we would submit it needs to go back. In addition to that, Your Honor – Is there anything in the record to indicate that this misconception of the sequence of events affected the sentence? No. I mean, there's nothing specifically in the record. I have to assume it didn't affect the sentence. Is that right? Well, we just don't know. Because, again, that was the only reference the Court made to the rape, and that one mention was based on an erroneous assumption. Don't you look at whatever the judge relied on as the basis for the sentence? Well, again, we don't think the Court should be relying on the rape allegation, period. Or the man on the moon. Well, I mean, again, we don't think the Court should have been considering it at all because of its unreliability, which goes, of course, back to the first argument. But if I could, Your Honor, moving on to the next issue, and that's the fact that the Court did not expressly indicate why it was rejecting Mr. Malari's mitigation argument with respect to specifically the instability and other conditions in El Salvador, which contributed to the commission of his offense, going to the nature and circumstances of his offense. What we do know, since the sentencing took place, the Supreme Court issued the decision RITA. This Court issued its decision in CARDI. This Court has said in CARDI, when a party raises a specific non-frivolous argument tethered to a relevant 3553A factor in support of a requested sentence, the judge normally explains why he accepts or rejects the party's position. I think he did that at page 50. Didn't the Court do that by saying he considered the mitigation evaluation and talked about life in El Salvador, what that was like, and so on and so forth, and then turns and says, yeah, but everything else is so bad that it overshadows. I'm paraphrasing, obviously. It overshadows that the need to protect the public weighs much more heavily in his mind than these mitigating factors. He didn't ignore them. Well, there are two different issues with respect to El Salvador. One was his upbringing and background in El Salvador, which was what was discussed in the report, which it appears to be what the Court was referencing in that discussion. There was another argument with respect to the reason why Mr. Malarik came back to the country was because of the present conditions in El Salvador and the instability in El Salvador now, which mitigates why he reentered, which goes to the next point. It doesn't really mitigate it. It just explains why he keeps coming back. Well, which – Which means to say why somebody commits criminal conduct and why you've got to expect recidivism in the future, that cuts exactly the other way to as much weight. Yeah, we may understand why he's doing it, but if we want to deter conduct, that means we've got to up the ante that much more to deter the conduct. Well, this Court in Lippman has discussed the fact that the reasons why a defendant reenters the country in the 1326 case is, in fact, a mitigating factor. If it goes to family circumstances or things like the nature of the country that he's in, those, in fact, that could be a basis for a downward departure. Certainly, if it's a basis for a downward departure, it's a relevant mitigation argument under 3553A. And so we would submit, in fact, the Court was obligated to at least acknowledge this non-frivolous argument and expressly reject it. In this case, it's not clear the Court was considering that aspect of the mitigation argument as opposed to the remaining argument. And with that, I'll reserve the balance. Yes, you may certainly do that. Thank you. We'll hear next from the gentleman. May it please the Court. Curtis Kin on behalf of the Plaintiff Appellee of the United States of America. Turning first to the Rule 32 issue, the law requires only that the Court make an explicit finding. As the Court seemed to recognize in its colloquy, the district court did, in fact, do that. He explicitly acknowledged that this defendant commits numerous crimes, and he, in fact, explicitly stated one such crime he found that existed was a crime involving a gang rape of a 24-year-old woman. That's an explicit finding. There is nothing in this circuit's precedent suggesting that there needs to be an explicit finding. The finding is sort of in passing, kind of hard to pin down that that's a finding. Is that right? It is, Your Honor. It's a finding because it's explicit. There could be no other interpretation that he found it to exist when he says that there's a crime and it's a crime involving the gang rape of a 24-year-old woman. What the circuit has made clear, though, is that there isn't any additional magical language that the Court needs to invoke or any pronouncement that there's a dispute on now resolving, and I think it's because we want to give the district court the flexibility or, in fact, not put form over substance. Clearly here this is the case. Well, how do we know it's a finding as opposed to sort of a passing observation? Well, when you look at the exact words used by the district court, it has to be a finding. Whether it's an observation or a finding, he's observing the fact that this defendant commits crimes when he's here, serious crimes, and in this particular case the gang rape of a woman. I think the dispute by the appellant defendant here is whether the finding was expressed enough, and I think that's resolved by the case we cite Rigby here, which is as long as the finding is explicit, which it is, that's sufficient here. I want to now turn next to the argument on reasonableness because of the ultimate sentence, because it seems the crux of the appellant's argument here is that the sentence ultimately was not reasonable. Given that argument, it actually is hard to credit the original or his first argument that there was no Rule 32 finding, because in the first instance they argued that there was no finding that there was a gang rape, but to the extent, or in fact, the district court found there was a gang rape and he relied on it too much. In that regard, I would actually highlight the fact, since we now have had the benefit of Rita, Gall, and this Court's en banc decision, and Cardin's of all us since this case was briefed, is that this was, in fact, a within-guideline sentence, albeit at the high end, but it was a within-guideline sentence. As a result, although the sentence is not presumptively reasonable. Scalia. Rule drawn in the authorities as to when a judge has made a finding or not made a finding, do you find any consistent line of authority there that guides district judges in what they should do here? Shaheen. Your Honor, the guidance from this Court is that the finding needs to be explicit. And I think then it doesn't require specific language that the district court needs to state or any sort of incantation of putting form over substance. Merely if I ---- Scalia. Explicit is kind of a slippery term. Shaheen. I'm sorry, Your Honor? Scalia. Explicit is sort of a slippery term. Shaheen. Not at all, Your Honor. I think the requirement that it be explicit is so that the record can reflect that the district court considered it and made a finding. If it's explicit, then it's stated. And here where the district court was explicit that this defendant had, in fact, in its view, gang raped a 24-year-old woman, that's an explicit finding and thus a factual finding and thus satisfying Rule 32. Back to the overall reasonableness. Again, this was a within-guideline sentence. And while not presumptively reasonable, certainly as this Court has recognized in most cases, including this one, should be deemed reasonable. But more than that, the district court went step-by-step as to why it imposed the sentence that it did, separate and apart from the guidelines. First, the district court focused on the seriousness of offense, recognizing that Congress has discussed that this is a serious offense, and when one returns to this country after having committed an aggravated felony, the statutory maximum is 20 years, which is ten times the statutory maximum for just an ordinary return after deportation. And moreover, this particular defendant committed it in a more serious way when the district court noticed and found that he had been previously deported six times. The district court then went on to find that based on this history of returning over and over again, that it needed to deter the defendant from returning. The district court even made the finding, which was not clearly erroneous, that there's no doubt in my mind that given the opportunity, he's going to be back here, and that he has absolutely no intention of remaining outside the United States. That is aptly supported by the fact that he returns every time he's previously been deported, and moreover, by the defendant's own statements that he made to his doctor for the mitigation report, saying that he wants to come back here, he has no desire to be here. In fact, in turning to, I think, what is the other issue that the appellant seems to raise is that the court somehow, or at least doesn't believe, that the court accurately considered the mitigation report. I think as Judge Graber aptly recognized at page 50 of the excerpts of record, the court made very clear that it had considered the detailed mitigation report. And ultimately, also, in the district court's findings, it's clear that he had considered it and rejected many of it, and in fact, actually relied on some of the findings in the mitigation report to impose the substantial sentence that it did. With respect to deterrence and returning to this country, the district court necessarily relied on the mitigation report's statements by the defendant that he was scared and didn't want to be in El Salvador, and so we had to have a substantial sentence to deter him from returning. The district court also noted that from the mitigation report, we know that the defendant has a wife and kids in the United States, meaning there is something that would substantially draw him to the United States. And as a result, the district court found that it needed a substantial eight-year sentence to make sure that he understood that he ought not to return. And then finally, too, a very significant reason as to why this eight-year sentence here was necessary was simply the characteristics of the defendant in protecting the public. This is a defendant who had sustained 14 convictions over a 20-year period. The district court was intimately familiar with his criminal history, cited back in numerous instances in the record all of the various crimes that he committed, including then also the gang rape. There was no, if one looks at the record in context, while the gang rapes figured into the district court's overall consideration of sentencing, it wasn't overwhelming as the appellant and defendant here suggest. It was one of many, many convictions or crimes that the defendant committed. And as a result, the district court felt and did rightly impose the eight-year sentence that it did. Turning then to the last three issues, or the last two issues, I believe the Almendares-Torres issue is a non-issue. I think even the defendant or the appellant recognizes in his brief that it was raised for preservation purposes only at page 3 in the event that it, as it recognizes at page 14 of its brief, that the law may change. The law has not changed. Almendares-Torres is still good law. This court has so recognized. And then as to the fourth issue, simply put, Rodriguez, Rodriguez is on all fours here. And so there would be no reason to strike the supervised release condition. Unless the Court has any specific questions, I would submit. I don't believe we do. Thank you for your argument. Mr. Levy, you have some time remaining. Thank you, Your Honor. Just a few points. With respect to the Rule 32 issue, to be also involved, the government's claim that Mr. Malaro, quote, narrowly escaped prosecution due to an unwilling, intimidated victim. There's nothing in the record to support that fact. That was disputed in the sentencing papers by the defense. The Court did not resolve that. So that in itself is a Rule 32 violation, which would require resentencing. The government mentioned the Rigby case. Rigby does not apply here. What the Court said in Rigby was, we agree with the appellate district court must make on the record its resolution of all disputed matters. In this case, however, the district court clearly stated it had found the position as stated in the probation officer's addendum, which addressed the dispute, to be the correct one. There's nothing in the PSR addendum here that resolved the dispute, nothing indicating that the Court adopted something from probation. So Rigby simply doesn't apply. Well, it doesn't have to do that. It seemed to me the point of Rigby was everybody, there's a sentence in there saying everybody understood the factual resolution. And it seems to me there are a lot of ways that a district judge can describe the resolution. One of them is to say this person committed serious crimes, including the one involving a child. And I'm paraphrasing. I don't remember the exact wording. And including the gang rape of a 24-year-old woman. That's a finding, isn't it? Well, again, I don't believe under Houston it's an express finding. Because it does not indicate the Court was even aware of the dispute to be making a finding of that. And that's why we have the problem. Because, again, defense, after the Court said that, in this case, defense counsel again reiterated our objection. And the Court didn't say, well, you know, I've already ruled on that, or I understand your position and I'm rejecting it. Nothing like that. It was just simply no further mention of the rape allegation. And with respect to the sentencing, we're not challenging substantive reasonableness of the sentence. We're only challenging procedural reasonableness. And the issue is not with respect to the mitigation report. The Court certainly addressed the mitigation report that we raised. The issues with the Court's failure to address the express 3553A argument that the defense counsel made in the sentencing position. Thank you. Thank you very much, counsel. The case just docket is submitted, and we appreciate the helpful comments from both sides. Our final case on the morning docket is United States v. Aziz Awad. And whenever you get settled in, you're welcome to begin.
judges: Graber, Clifton, Reed